## SHELDON WEBSTER *vs.* MILTON C. MUNGER.

A sale of intoxicating liquors in another state, by one citizen of this commonwealth to another, with knowledge or reasonable cause to believe that they were to be resold by the purchaser in this commonwealth against law, and with a view to such resale, will not support an action for the price in this commonwealth.

ACTION OF CONTRACT to recover the price of intoxicating liquors sold and delivered by the plaintiff to the defendant in 1853. The defendant answered that he was ignorant whether the liquors were sold or delivered as alleged; and that if they were, the sales were in contravention of *St.* 1852, *c.* 322, § 19. Trial in the court of common pleas in Hampden, at March term 1857, before *Morris*, J., who signed a bill of exceptions, in substance as follows:

The plaintiff testified that in 1853 he was doing business at Hartford in the State of Connecticut, and that the sales of most of these liquors were made, and the goods forwarded from Hartford, upon written orders of the defendant, received by him through the mails at the post office in Hartford; and that the remaining items were ordered by the defendant in person, at the store of the plaintiff in Hartford.

Upon cross-examination of the plaintiff, evidence was elicited (the plaintiff objecting) "that the plaintiff, a resident of Springfield in this county, and dealer in liquors, did in the month of August 1852 give up his store in Springfield, and open another in Hartford, and that he visited Hartford almost daily, but continued to reside in Springfield; that once, during the period covered by the bill of particulars, the plaintiff visited Palmer, where the defendant was in business, but did not visit the defendant's store. And the plaintiff said he did not know but he might have seen the defendant at the Nassowanno House, in Palmer, and taken his orders there for the items" last mentioned.

"The defendant asked the plaintiff if he did not know, when he sold the liquors that the defendant bought them for the pur

poses of a resale in this commonwealth, contrary to law. This question was objected to by the plaintiff; but the court allowed it to be put. The plaintiff answered, I did not know that he bought to sell again in this commonwealth; I could not swear that he did; I thought likely that he did.

" In one of the orders for liquors, relied upon by the plaintiff, the defendant says: ' We want it for a man, Saturday evening; don't fail if you can help it. We do not pretend to do much liquor business, but sell a little.'

" Upon the evidence, the defendant contended, that if the contract was made in another state, the plaintiff could not recover in this action, if he knew, or had reasonable cause to believe, at the time of the sale, that the defendant bought the liquors, with intention of selling them again in this commonwealth, in violation of the statute which he pleaded in his defence.

" The court instructed the jury, 1st. That if the contract of sale was made in Hartford, where it was a legal transaction, the plaintiff could recover, unless for the reasons stated in the further instructions of the court, which were, 2dly. That if the sales were made in Hartford, in the State of Connecticut, by the plaintiff to the defendant, with a knowledge on the part of the plaintiff, that the liquors were to be resold in this commonwealth contrary to law, or if, when the plaintiff sold the liquors, he had reasonable cause to believe that they were to be resold by the defendant, contrary to the laws of this commonwealth, and the sales were made by plaintiff with a view to such a resale, then, or in either of these cases, the plaintiff cannot maintain this action. A verdict being found for the defendant, the plaintiff excepts to the foregoing rulings."

*E. W. Bond,* for the plaintiff. The evidence elicited from the plaintiff on cross-examination, and especially the question as to his knowledge at the time of the sale, should have been excluded.

If a sale is valid in the state where it is made, bare knowledge on the part of the vendor, that the vendee intends to put the goods to an illegal use in another state, will not prevent him from recovering the price, unless the vendor does some act in further-

ance of the unlawful object, or unless the illegal use to be made of the goods enters into the contract, and forms the motive or inducement to the sale in the mind of the vendor. *Dater* v. *Earl,* 3 Gray, 482. *Kreiss* v. *Seligman,* 8 Barb. 439. This court said in *Orcutt* v. *Nelson,* 1 Gray, 541, that " a sale of liquors in Connecticut, without any fraudulent view to their resale in Massachusetts contrary to law, was not unlawful, and an action may be maintained in this commonwealth for the price of liquors so sold." But the instructions given in the case at bar entirely omit the element of fraud.

*J. G. Allen,* for the defendant. By St. 1852, c. 322, § 19, " no action shall be maintained for the value of intoxicating liquors, except such as are sold or purchased in accordance with the provisions of this act." The question whether these sales were within " the provisions of this act" being a mixed question of law and fact, evidence of the plaintiff's residence, mode of conducting his business, and knowledge and means of knowledge touching the sales, were properly submitted to the jury, that they might determine whether the sale was made at Hartford honestly, or in fraud of the statute.

The final instructions of the court were correct. If the plaintiff had knowledge or reasonable cause to believe that the liquors were to be resold in this commonwealth in violation of law, and a view to such resale, he was *in pari delicto,* and cannot recover upon his own illegal contract. *Clugas* v. *Penaluna,* 4 T. R. 466. *Waymell* v. *Reed,* 5 T. R. 599. *Wheeler* v. *Russell,* 17 Mass. 258. *White* v. *Buss,* 3 Cush. 449. *Gregg* v. *Wyman,* 4 Cush. 322. *Duffy* v. *Gorman,* 10 Cush. 45. *Foster* v. *Marston,* 11 Cush. 523.

In *Orcutt* v. *Nelson,* 1 Gray, 536, the plaintiff was a resident in Connecticut, and could not be presumed, without evidence, to know the law of this state. The case of *Dater* v. *Earl,* 3 Gray, 482, was decided upon the law of New York, where the contract was made, and without reference to the previous decisions of this court.

The decision, after a consultation of all the judges, was made in Boston in June 1858.

THOMAS, J.   The case is not within the provision of the *St.* of 1852, *c.* 322, § 19.   *Orcutt* v. *Nelson,* 1 Gray, 536.

The *St.* of 1855, *c.* 215, § 37, applies only to future sales.   To give it effect in this case would be to make it retroactive, and by it to impair the obligation of an existing contract.

The validity of the plaintiff's sale must therefore be determined by the common law.   And here the rule of sound sense, sound morals, and sound public policy is, that a sale made with the knowledge of the seller that the purchaser intends to use the thing sold in violation of law is illegal and void.   Whether the law to be defeated is that of the country of the vendor cannot as matter of principle be material, especially when he' is seeking his remedy in the tribunal of the country whose law he knew was to be violated.   No comity requires the enforcement of such a contract.   See, among other authorities, *Lightfoot* v. *Tenant,* 1 Bos. & Pul. 551 ; *Langton* v. *Hughes,* 1 M. & S. 593 ; 23 Amer. Jur. 13 *& seq.* ; 2 Kent Com. (6th ed.) 489 note ; Story's Confl. of Laws, § 253 ; *White* v. *Buss,* 3 Cush. 448 ; *Territt* v. *Bartlett,* 21 Verm. 184.

The confusion and conflict of authorities have resulted from the attempts to ingraft exceptions upon this salutary rule.   The case of *Holman* v. *Johnson,* Cowp. 341, may be said to indicate the point of divergence.

But though we may deeply regret any departure from the rule, we must determine the question before us, not merely in the light of principle, but in that of the cases decided.

If the case of *M'Intyre* v. *Parks,* 3 Met. 207, is good law, it cannot be said that a sale made in another state, and valid by the law of that state, will be held void in this commonwealth from the bare fact of the knowledge or belief of the vendor of the purchaser's intent to 'resell in this state in violation of law. The rule of that case, if rightly decided, (in my judgment it was not,) is not to be extended, and the case at bar does not fall within it.   The distinction is sound between a case where a seller simply has knowledge of the illegal design — no more — and where, having such knowledge, he makes a sale " with a view " to such design, and for the purpose of enabling the purchaser to effect it.

In the case before us the plaintiff was a citizen of and resid ing in this commonwealth. The evidence shows his knowledge of the illegal business in which the defendant was engaged. One of the orders was taken by the plaintiff at the domicil of the defendant in this state. In one of the written orders the illegal purpose for which the liquor was wanted, and the time when it would be wanted for that purpose, were indicated, and the plaintiff was urged not to fail in forwarding it for that end.

It was on this posture of the evidence that the jury were in-structed : " 1st. That if the contract of sale was made in Hart-ford, where it was a legal transaction, the plaintiff could recover, unless for the reasons stated in the further instructions of the court, which were,

" 2dly. That if the sales were made in Hartford, in the State of Connecticut, by the plaintiff to the defendant, with a knowl-edge on the part of the plaintiff that the liquors were to be resold in this commonwealth, contrary to law, or if, when the plaintiff sold the liquors, he had reasonable cause to believe that they were to be resold by the defendant, contrary to the laws of this commonwealth, and the sales were made by plaintiff *with a view to such a resale*, then, or in either of these cases, the plain-tiff cannot maintain this action."

Under these instructions, to have found a verdict for the de-fendant, the jury must have been satisfied, not merely that the plaintiff had knowledge of the illegal purpose of the defendant, but that he sold with reference to it and for the purpose of en-abling him to effect it. In this view the instructions are thor-oughly sound in principle, and do not conflict with the cases decided. *Orcutt* v. *Nelson,* 1 Gray, 541.

*Exceptions overruled.*